UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FRANCES DENNEY, <br> ARTHUR TERHUNE, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | No. 1:19-cv-04757-JRS-DLP |
| AMPHENOL CORP., <br> BORGWARNER, INC., <br> BORGWARNER PDS (PERU), INC., <br> 400 FORSYTHE, LLC, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the Defendants' Joint Motion to Bifurcate Discovery, Dkt. [46]. The motion was referred to the Undersigned for ruling and, for the reasons that follow, is hereby **DENIED**.

I. **Background**

The Plaintiffs initiated this putative class action case against the Defendants on December 3, 2019. (Dkt. 1). Specifically, Plaintiffs claim damages as a result of the Defendants' wrongful emission, release, discharge, handling, storage, transportation, processing, disposal, and failure to remediate toxic and hazardous waste that was generated at two facilities owned or operated by the Defendants in Franklin, Indiana. (Dkts. 41, 47, 48). Due to service issues, counsel for the Defendants did not appear until April 2020 and the initial pre-trial conference did not take place until June 12, 2020. (Dkts. 9-27, 31).

The parties submitted a proposed case management plan that elucidated their conflicting positions on how discovery should proceed. (Dkt. 41). During the June 12, 2020 initial pre-trial conference, the Court heard the parties' arguments concerning the course of discovery and ultimately permitted the Defendants to file the present motion to bifurcate discovery and established a briefing schedule. (Dkt. 42). The Plaintiffs filed a response on July 8, 2020, and the Defendants filed their reply on July 13, 2020. (Dkts. 48, 49). The parties presented further argument during the August 20, 2020 telephonic status conference. (Dkt. 57).

II. **Legal Standard**

District courts have extremely broad discretion to control discovery. *Crawford–El v. Britton*, 523 U.S. 574, 598–99, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *King v. Ford Motor Co.*, 872 F.3d 833, 838 (7th Cir. 2017); *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). This discretion extends to a district court's decision to bifurcate discovery. *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 932 (N.D. Ill. 2013). Although the Federal Rules of Civil Procedure do not explicitly allow for bifurcated discovery, the advisory committee notes to Federal Rule of Civil Procedure 23 recognize that bifurcation may be appropriate in the class action context. Fed. R. Civ. P. 23, Advisory Committee Notes, 2003 amendments. Specifically, the advisory committee notes provide: "It is appropriate to conduct controlled discovery into the 'merits,' limited to those aspects relevant to making the certification decision on an informed basis." *Id*. The *Manual for Complex Litigation* further advises that "[d]iscovery relevant only to the merits

delays the certification decision and may ultimately be unnecessary." *Manual for Complex Litigation (Fourth)*, § 21.14. "Active judicial supervision may be required to achieve the most efficient balance that expedites an informed certification determination without forcing an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'" Fed. R. Civ. P. 23, Advisory Committee Notes, 2003 amendments.

When ruling on motions to bifurcate class certification and merits discovery, courts consider the following factors: (1) expediency, meaning whether bifurcated discovery will aid the court in making a timely determination on the class certification motion; (2) economy, meaning the potential impact a grant or denial of certification would have upon the pending litigation and whether the definition of the class would help determine the limits of discovery on the merits; and (3) severability, meaning whether class certification and merits issues are closely enmeshed. *Reid*, 964 F. Supp. 2d at 932.

### III. Discussion

The Defendants collectively filed the present Motion to Bifurcate Discovery in order to prioritize class certification discovery before moving to merits discovery. (Dkt. 47). In their motion, the Defendants maintain that discovery bifurcation would be expedient and economical, and that class certification discovery is severable from merits discovery. (Dkt. 47 at 17-22). The Plaintiffs strongly disagree, arguing that bifurcation would be neither economical nor expedient, and that bifurcation would only serve to delay the certification process and prejudice the

Plaintiffs' ability to support their case. (Dkt. 48). To evaluate the parties' arguments, the Court will look to each of the three *Reid* factors.

### a. *Expediency*

Fed. R. Civ. P. 23(c)(1)(A) envisions a certification order at "an early practicable time." As such, perhaps the main or most significant factor courts consider is expediency or whether bifurcated discovery will aid the court in making a timely determination on the class certification motion. *Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 202–03 (N.D. Ill. 2018); *In re Groupon, Inc. Securities Litig.*, 2014 WL 12746902, at *2 (N.D. Ill. Feb. 24, 2014).

Defendants argue that discovery bifurcation would help expedite the Court's resolution of class certification due to the "complexity of Plaintiffs' allegation concerning liability, including that Defendants allegedly wrongfully concealed certain knowledge and that multiple Defendants contributed to the alleged contamination of class members' properties." (Dkt. 47 at 17).

The parties presented their respective proposed discovery schedules on June 5, 2020 in advance of the initial pretrial conference. (Dkt. 41). The Plaintiffs' proposal would have class certification briefing take place between March 12, 2021 and April 23, 2021, while the Defendants' proposal would have class certification briefing occur between January 1, 2021 and April 1, 2021. (Dkt. 41 at 11-12). If only considering the proposed deadlines, the Defendants' plan for bifurcation would be three weeks more expedient than the Plaintiffs' proposed plan.

Included at the beginning of their proposed schedule is a preliminary statement to the Court that the present COVID-19 pandemic will necessarily cause some delay in the discovery process, and that various documents and information had been and potentially still are inaccessible and unavailable to the Defendants. (Dkt. 41 at 1-2). This unforeseen circumstance may cause delays that would jeopardize and potentially erase the Defendants' marginally expedited briefing schedule.

Based on the information before the Court at this time and the two sides' proposals, bifurcation of discovery would not assist this Court in resolving class certification any more quickly than proceeding through the normal course of discovery. Thus, this factor weighs in favor of denying the Defendants' motion.

### b. Economy

In evaluating economy, courts look to the effect a grant or denial of certification would have on the pending litigation. *See, e.g., Harris v. comScore, Inc.*, No. 11 CV 5807, 2012 WL 686709, at *4 (N.D. Ill. Mar. 2, 2012) (unlikelihood that plaintiffs would pursue individual claims weighs in favor of requiring class discovery to precede merits discovery). In cases that are unlikely to continue if a class is not certified, early merits-based discovery can be a waste of time and effort. *See Manual For Complex Litigation, Fourth*, § 21.14; *see also McLaughlin on Class Actions (Eighth)* § 3:10 (2011) ("[c]ourts are more likely to decline requests to stay pure merits discovery when the nature of the putative representative's claims suggests that it would continue to prosecute individual claims if certification is

denied . . . ."). This is especially true in cases involving token statutory damages. *See, e.g., Beezley*, 328 F.R.D. at 203; *see also Harris,* 2012 WL 686709, at *4.

Defendants maintain that discovery bifurcation would be economical because the division would assist the Court in quickly ruling on certification. (Dkt. 47 at 19-20). Plaintiffs assert that they intend to proceed with their individual claims even if the Court denies their request for certification. (Dkt. 48 at 10-11). Defendants argue that proceeding with merits and certification discovery will lead to numerous delays and disputes, while the Plaintiffs contend that discovery bifurcation will lead to the same result. (Dkt. 47 at 20; Dkt. 48 at 10).

In this case, Plaintiffs have affirmatively stated that they intend to pursue their individual claims even in the event the Court denies their certification motion. There is nothing to be gained from bifurcation, because irrespective of whether the Court grants or denies the Plaintiffs' certification request, the parties will still need to conduct merits discovery and undertaking it now will not be a waste of time and effort. Proceeding to merits discovery may, in fact, move the case along without duplicating the parties' efforts.

Both sides, however, make valid arguments related to the potential for delay and disputes regarding the scope of discovery, regardless of which way the Court rules. Up until now, the parties have not been able to agree on proposed deadlines for the case management plan, the language of a mostly standard protective order, or the distinction between class and merits discovery. In their proposed case management plan, the parties stated that while they "largely agree that discovery

should emphasize the issue of class certification, the parties disagree about how best to balance the focus on class certification while not strictly limiting discovery and requiring duplicating efforts over the course of the litigation." (Dkt. 41 at 2). The parties' disagreement over the scope of each section of discovery led to fifty-three (53) pages of contentious briefing. The Court is not convinced that the parties will be any more successful in navigating the boundaries between class and merits discovery moving forward, even if the Court orders the parties to undertake such a task, leading to additional judicial resources wasted on determining which discovery relates to the class or to the merits. Thus, the Court finds this factor weighs in favor of denying the Defendants' motion.

### c. Severability

A third factor that courts consider is severability, meaning whether class certification and merits issues are closely enmeshed. *Harris,* 2012 WL 686709, at *3 (N.D. Ill. Mar. 2, 2012). This factor also affects judicial economy. *Beezley v. Fenix Parts, Inc.*, 328 F.R.D. 198, 203 (N.D. Ill. 2018). Distinguishing between class certification discovery and merits discovery can be a thorny issue. *Rolan v. E.I. Du Pont De Nemours and Co.,* No. 1:16-CV-357-HAB-SLC, 2019 WL 8111972, at *3 (N.D. Ind. Nov. 5, 2019).

As stated previously, the parties have disagreed on every substantive issue up to this point, and spend many pages explaining why various topics of discovery are or are not relevant to the class certification period. With this level of disagreement, the Court is not confident that the parties would be able to adeptly

maneuver through the boundaries of class and merits discovery. The parties cannot even agree on what information is needed to satisfy Rule 23's requirements for class certification. (Dkt. 47 at 20-21; Dkt. 48 at 14-15). The Plaintiffs contend that "the identity of the precise Defendant, as well as the timing and location, and information about their operations and handling of specific chemicals, during specific time periods, at specific locations on specific properties is exactly the type of information experts opining at class certification will be required to review and rely on." (Dkt. 48 at 15). Defendants maintain that class certification would focus almost entirely on Plaintiff's medical histories, property records, and other documents related to where and when they resided near the sites and what their health conditions have been, in addition to environmental testing data and certain experts' opinions." (dkt. 47 at 21).

With the information before the Court at this time, the Defendants have not adequately demonstrated that class and merits discovery are not closely enmeshed. Additionally, because this factor involves and informs the economy factor, the Court concludes that it weighs in favor of denying the Defendants' motion.

The Court recognizes that this case may involve many class members with claims that span a time period of almost 60 years – with that breadth, this case has the potential to become unwieldy in short order. *See Beezley*, 328 F.R.D. at 203 ("From a practical standpoint, discovery is often a pitched battle that can eclipse the cost and difficulty of trial, itself."). The Undersigned intends to actively ensure that the discovery process runs smoothly and remains efficient; if at any point, however,

the Court believes that bifurcation may resolve any deficiencies or be the more appropriate manner of proceeding, especially in light of the parties' significant disagreements about the schedule of this case, the Court will revisit this issue. Until that time, the parties should proceed with a normal discovery process, while still prioritizing that discovery necessary to timely and efficiently resolve class certification consistent with Federal Rule 23.

IV. **Conclusion**

For the reasons stated herein, Defendants' Joint Motion to Bifurcate Discovery, Dkt. [46], is **DENIED**.

So ORDERED.

Date: 9/4/2020

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record.