UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANCES DENNEY, ARTHUR TERHUNE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 1:19-cv-04757-JRS-DLP ) |
| AMPHENOL CORP., BORGWARNER, INC., BORGWARNER PDS (PERU), INC., 400 FORSYTHE, LLC, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the Plaintiffs' Motion for Leave to Amend Complaint to Add Parties and Expand the Class, Dkts. [98, 135]. For the reasons that follow, Plaintiffs' request to amend the complaint is **GRANTED**.

I.  **Background**

The Plaintiffs initiated this putative class action case against the Defendants on December 3, 2019, wherein Plaintiffs claim damages as a result of the Defendants' wrongful emission, release, discharge, handling, storage, transportation, processing, disposal, and failure to remediate toxic and hazardous waste that was generated at two facilities owned or operated by the Defendants in Franklin, Indiana. (Dkts. 1, 41, 47, 48). Due to service issues, counsel for the Defendants did not appear until April 2020 and the initial pre-trial conference did not take place until June 12, 2020. (Dkts. 9-18, 20-27, 31). The Court then

considered the Defendants' Joint Motion to Bifurcate Discovery, ultimately denying the request on September 4, 2020. (Dkt. 58). The parties jointly requested, and the Court granted, an extension of the deadline to amend pleadings through March 30, 2021. (Dkts. 91, 92). On March 30, 2021, Plaintiffs filed the present motion to amend their complaint to add an additional party and expand the putative class size. (Dkt. 98).[1] Defendants filed their responses on April 20, 2021, (Dkt. 114, 115, 116)[2], and Plaintiffs filed their reply on April 27, 2021. (Dkt. 123).

II.  **Legal Standard**

After the opportunity to amend the pleadings as a matter of course has passed, a party may amend a complaint only with the consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a). Leave to amend should be "freely given when justice so requires" absent considerations such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

An amendment is futile if the amended pleading would not survive a motion to dismiss. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). To survive a motion to dismiss, the amended complaint must "contain sufficient

---

[1] The Court will consider Dkts. 98 and 135 as Plaintiffs' Motion to Amend the Complaint. Dkt. 135 was filed under seal at the Court's request to correct a previous redaction issue. (Dkt. 134). The Court will reference Dkt. 135 throughout the opinion.
[2] For Defendant Amphenol's response in opposition, the Court will consider both Dkt. 116 and Dkt. 133. Dkt. 133 is an unredacted version of the brief that Amphenol filed at the Court's request. (Dkt. 132). The Court will reference Dkt. 133 throughout the opinion.

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 685 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Before denying a motion to amend, however, it should be "clear" that the proposed amended complaint "is deficient" and would not survive such a motion. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008); *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015) ("Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend.") (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)).

"For undue delay, courts look to the similarity of the factual basis for the claims in the original complaint to the new claims raised in the amended complaint, the moving party's explanation for waiting to raise the new claims, whether the moving party is attempting to introduce a new theory of the case, and whether granting the motion to amend will require new or duplicated discovery efforts." *Marshall v. Town of Merrillville*, 262 F. Supp. 3d 733, 738 (N.D. Ind. 2017); *see also Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). Typically, "delay by itself is normally an insufficient reason to deny a motion for leave to amend" and "must be coupled with some other reason." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (citations omitted).

The party seeking to amend bears the burden of showing that undue prejudice will not result to the non-moving party. *McDaniel v. Loyola Univ. Med.*

*Ctr.*, 317 F.R.D. 72, 77 (N.D. Ill. 2016). Ultimately, "the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002).

### III. Discussion

Plaintiffs request leave to file a first amended complaint to (1) expand the putative class size and (2) add Honeywell International, Inc. ("Honeywell") as a defendant. The Court will address each request in turn.

**A. Expand Class Size**

Plaintiffs' complaint alleges that toxic and hazardous substances were released from the former Amphenol site located at 980 Hurricane Road in Franklin, Indiana directly into the city sewer system. (Dkt. 1 at 2-4). Those toxic, and likely carcinogenic, substances include chlorinated solvents and other volatile organic solvents ("VOCs"), including but not limited to trichlorothylene ("TCE"), tetrachloroethylene ("PCE"), tricholoroethane, tetrachloroethane, dichloroethylene, chloroform, 1,1,1-Trichloroethane ("1,1,1 TCA"), and 1,4 dioxane as well as heavy metals, and cyanide (collectively "Site Contaminants"). (Id.). Plaintiffs have identified two putative classes: (1) the Property Damages Class – those current Indiana residents who own or owned real property within the specified area near the former Amphenol site, and (2) the Medical Monitoring Class – those current and former Indiana residents who lived within the specified class area for at least five years and are under 65 years old. (Dkt. 1 at 19-20). Plaintiffs allege that the Site

4

Contaminants entered the putative class members' properties through groundwater, soil, outdoor air, indoor air, soil gas, sewer bedding gas, and sewer VOC gas. (Id. at 2). Plaintiffs now request leave of Court to expand the specific land area that defines each putative class because discovery revealed extensive breaks and cracks in the sewer system that allowed the Site Contaminants to disseminate further than originally thought. (Dkt. 135 at 4-5; Dkt. 123 at 3-4). In addition, Plaintiffs would like to add McKenzie Newby, whose property falls within the proposed expanded class area, as a named Plaintiff. (Id.).

All Defendants oppose Plaintiffs' request to expand the class size, arguing that the relief requested is the result of undue delay and will result in undue prejudice. (Dkts. 114, 115, 116). The Court will address both of Defendants' arguments in turn.

### i. Undue Delay

Defendants argue that Plaintiffs waited sixteen months after filing the original complaint to request amendment, which constitutes undue delay. (*See* Dkt. 133). Additionally, Defendants note that testing that revealed the presence of PCE and TCE was completed on Ms. Newby's property in spring and summer 2019, which may indicate an almost two year delay between knowledge of Ms. Newby's potential contamination and seeking leave to include her in the present action. (Dkt. 115 at 6-8; Dkt. 133 at 9-12). Plaintiffs maintain that their request to amend was timely filed after receiving discovery responses that allowed them to connect

5

the evidence showing pollution in a wider class area to the conclusion that the pollution originated at the Amphenol facility. (Dkt. 123 at 8-10).

Plaintiffs acknowledge that testing of Ms. Newby's home was completed in 2019, and that testing showed the presence of PCE and TCE at her home and others outside of the original proposed class area. (Dkt. 123 at 10). Plaintiffs then provide examples of how the Defendants' discovery responses alerted them to the possibility that the former Amphenol site was responsible for PCE and TCE being found in residential areas throughout the proposed expanded class area, and maintain that until receiving those discovery responses Plaintiffs were not able to connect the dots. (Id. at 10-14). As a result of those discovery responses that were provided throughout 2020 and 2021, Plaintiffs maintain that the evidence now allows them to connect the Site Contaminants from the former Amphenol site to the expanded class area. (Id.). As such, Plaintiffs contend that no delay occurred here because they were not able to connect the Amphenol site to the proposed expanded area before engaging in discovery, the speed of which was hindered by the ongoing pandemic. (Id.).

This is not the case of a party seeking leave to amend well into litigation of the lawsuit, *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773-74 (7th Cir. 1995), or one in which Plaintiffs "failed to act with diligence." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848 (7th Cir. 2002). In January 2021, the parties filed a joint motion requesting the extension of various case management plan deadlines because the pandemic had physically prevented discovery from occurring in a timely

fashion. (Dkt. 91). In relevant part, the Court granted the parties' request to extend the deadline to join any parties or amend any pleading to March 30, 2021. (Dkt. 92). Plaintiffs' motion for leave to amend the complaint was filed on March 30, 2021, and thus was timely under the approved case management plan. Moreover, Defendants' argument that Plaintiffs unduly delayed filing their motion does not correspond with the parties' joint request to extend case deadlines due to the pandemic's significant slowing of discovery. Plaintiffs actively engaged in the discovery process, served targeted discovery to obtain answers to their questions regarding the appropriate class size, and timely filed their first request to amend the complaint. Discovery is still ongoing, no dispositive motions have been filed, and Plaintiffs' motion for class certification is not due until October 19, 2021. Plaintiffs have also provided an adequate explanation for not seeking amendment sooner. As such, the Court cannot conclude that undue delay has occurred.

  ii. *Undue Prejudice*

Defendants next argue that Plaintiffs' request to expand the putative class size would be unfairly and unduly prejudicial because it would force the Defendants to engage in additional discovery in order to defend against Plaintiffs' claims. (Dkt. 115 at 9-10; Dkt. 133 at 20-25). Specifically, Defendants contend that Plaintiffs should not be permitted to expand the proposed class area "[t]his far [into] the litigation" because it would require "a reset of all deadlines," (Dkt. 133 at 20), and would require a "huge undertaking" and "significant added discovery burden." (Dkt. 115 at 10).

7

Plaintiffs acknowledge that the proposed amendment will likely necessitate further discovery and potential deadline extensions, but insist that this prejudice is not undue because the Defendants' discovery responses indicated that they were aware of the poor condition of the sewer system which had allowed the Site Contaminants to disseminate further than Plaintiffs originally thought. (Dkt. 135 at 8; Dkt. 123 at 10-16). Essentially, Plaintiffs assert that Defendants cannot be prejudiced by engaging in discovery about alleged contamination of which they were already aware. (Dkt. 123 at 10-16). Plaintiffs finally note that if the Court denies their request to add Ms. Newby as a Plaintiff and expand the putative class size, Ms. Newby will file a separate lawsuit identifying the same proposed class area and then move to consolidate her new lawsuit with the present one. (Dkt. 123 at 17).

"[V]irtually every amendment of a complaint results in some degree of prejudice to a defendant, in that the new discovery generally will be delayed. Thus, it is not enough that a defendant will suffer prejudice from the amendment, that prejudice must be undue." *Hawkins v. Alorica, Inc.*, No. 2:11-cv-283-JMS-WGH, 2012 WL 1231779, at *1 (S.D. Ind. Apr. 12, 2012) (quoting *North Eastern Mining Co. v. Dorothy Coal Sales, Inc.*, 108 F.R.D. 657, 660 (S.D. Ind. 1985)).

All parties agree that Plaintiffs' proposed amendment will be prejudicial, insofar as it will require additional discovery and deadline extensions, but the Court is not convinced that the prejudice as described is "undue." Although this case has been pending for seventeen months, the bulk of that time is the result of pandemic-related delays, which led to the Court granting the parties' joint request to extend

8

various case management deadlines. Moreover, even though this case has been pending for seventeen months, it is still in its infancy as discovery is ongoing, no dispositive motions have been filed, and Plaintiffs' motion for class certification is not due until October 19, 2021. Finally, permitting amendment would avoid the eventuality of the parties litigating two separate lawsuits related to the same alleged contamination from the former Amphenol site.

Defendants also make several arguments related to the sufficiency of the environmental testing evidence that would support Plaintiffs' expanded class size, and suggest other potential causes for the pollution found in the proposed expanded class area. (Dkt. 115 at 4-7; Dkt. 133 at 10-19). These arguments require significant weighing of the evidence and are better suited for a dispositive motion filed after the parties complete additional discovery. Plaintiffs have presented to the Court environmental testing that demonstrates the presence of Site Contaminants outside of the scope of the original class area, and have outlined the discovery responses that allowed them to conclude that those Site Contaminants may have originated from the former Amphenol facility. (Dkt. 123 at 8-14). This is sufficient information at the pleadings stage.

As previously noted, this is the Plaintiffs' first request for leave to amend the complaint, and this Court construes these requests very liberally. At this early stage of the case, with a minimal alteration to the current case management plan schedule, the Court concludes that allowing amendment under these circumstances

9

does not amount to undue prejudice. As such, Plaintiffs are permitted to amend their complaint to expand the putative class size.

### B. Honeywell

Plaintiffs seek leave to amend to add Honeywell as a defendant in this case. Defendants BorgWarner and Forsythe do not object to the addition of Honeywell, but Defendant Amphenol objects on the grounds that the addition would be futile and unduly prejudicial. (Dkt. 114 at 2; Dkt. 133 at 25-32). Amphenol contends that it contractually assumed all of Honeywell's liability obligations and, accordingly, adding Honeywell as a defendant would be futile. (Id. at 26). Additionally, Amphenol asserts that the addition of another defendant would be unfairly prejudicial because it would result in additional motion practice, briefing, and proceedings. (Dkt. 133 at 31-32). Plaintiffs maintain that they only recently became aware of Honeywell's existence in Amphenol's corporate history, despite sending targeted discovery requests to Amphenol designed to elicit an answer to that very question. (Dkt. 123 at 6-7).

As an initial matter, the Court notes that Amphenol, when asked specifically in a discovery request about any documents concerning any release, settlement, or other agreement pursuant to which liability has been limited, reduced, or released in any manner, Amphenol answered that it was not aware of such documentation. (Dkt. 123 at 113-14). Not until Plaintiffs received documentation from BorgWarner's subpoena to Honeywell on March 11, 2021 did they receive confirmation of Amphenol's relationship to Honeywell. (Dkt. 123 at 6-7; Dkt. 135 at 2-4). It is

10

inapposite for Amphenol to withhold information about its contractual relationship with Honeywell, and then argue that it would be unfair for Plaintiffs to add Honeywell as a defendant because Amphenol has contractually assumed all of Honeywell's liability or because Plaintiffs caused a prejudicial delay. The delay in Plaintiffs seeking amendment to add Honeywell was a direct result of the coronavirus pandemic's stifling effect on the flow of discovery responses and the Defendants' own discovery conduct. Plaintiffs waited less than three weeks after receiving confirmatory documents before moving to add Honeywell as a defendant, a delay that can in no way be considered undue. Moreover, at the pleadings stage, Plaintiffs are entitled to explore Honeywell's involvement in the liability chain. As such, Plaintiffs' request to amend the complaint to add Honeywell as a defendant is granted.

IV. **Conclusion**

For the reasons stated herein, Plaintiffs' Motion for Leave to Amend Complaint to Add Parties and Expand the Class, Dkts. [98, 135], is **GRANTED**. Plaintiffs shall file the First Amended Complaint within three days of this Order.

So ORDERED.

Date: 7/29/2021

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record.