UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANCES DENNEY,<br>ARTHUR TERHUNE,<br>MCKENZIE NEWBY,<br><br>                Plaintiffs,<br><br>                v.<br><br>BORGWARNER, INC.,<br>BORGWARNER PDS (PERU), INC.<br>  f/k/a FRANKLIN POWER PRODUCTS,<br>INC.,<br><br>                Defendants.<br><br>BORGWARNER PDS (PERU), INC.,<br><br>                Cross Claimant,<br><br>                v.<br><br>AMPHENOL CORP.,<br><br>                Cross Defendant. | Case No. 1:19-cv-04757-TWP-MKK |

**ORDER DENYING BORGWARNER'S MOTION FOR LEAVE TO FILE SECOND AMENDED CROSS-CLAIM AND GRANTING AMPHENOL CORPORATION'S MOTION TO CONVERT DISMISSAL OF CROSSCLAIM**

This matter is before the Court on a Motion for Leave to File Second Amended Cross-Claim Against Amphenol Corporation filed by Cross Claimant BorgWarner PDS (Peru), Inc. f/k/a Franklin Power Products, Inc. ("BorgWarner") (Filing No. 466). Also pending is a Motion to Convert the Dismissal of BorgWarner's Crossclaim for Indemnification from Without Prejudice to With Prejudice filed by Cross Defendant Amphenol Corporation ("Amphenol") (Filing No. 463). For the reasons below, BorgWarner's Motion is **denied,** and Amphenol's Motion is **granted**.

## I. BACKGROUND

The present skirmish concerning BorgWarner's cross-claim for contractual indemnification comes at the tail end of a lengthy, protracted environmental suit filed before this Court in 2019 against both BorgWarner and Amphenol (*see generally* Filing No. 457).

On February 4, 2022, BorgWarner filed a Cross-Claim against Amphenol seeking reimbursement from Amphenol of its legal fees, costs, expenses, and damages that it had incurred and continued to incur because of this lawsuit (Filing No. 210). Amphenol eventually moved for judgment on the pleadings. (Filing No. 253.) On February 17, 2023, the Court granted Amphenol's motion for judgment on the pleadings, finding that BorgWarner had "failed to plausibly state a claim for indemnification or any supposed breach of the 1989 Contract or 1994 Amendment" and dismissing the cross claim without prejudice (Filing No. 302 at 8).

On August 2, 2024, Amphenol filed the instant motion seeking to convert the Court's dismissal from "without prejudice" to "with prejudice" to "eliminate any doubt that the Court's ruling has claim-preclusive effect and avoid the possibility for inconsistent results down the road" (Filing No. 463 at 1). Five days later, on the same day BorgWarner opposed Amphenol's motion, BorgWarner filed a motion seeking leave to file a second amended cross claim, arguing that evidence in concurrent proceedings pending in state court revealed key new information about the proper interpretation of certain contractual provisions underlying its cross claim against Amphenol (Filing No. 466).

## II.  DISCUSSION

In this Order, the Court will address the two pending motions.

A.  **BorgWarner's Motion for Leave to File Second Amended Cross-Claim**

The Court begins by noting BorgWarner's previous January 12, 2022 request for leave to file an amended cross claim against Amphenol (Filing No. 206) which, like its present request, falls well outside of the amendment period afforded by the case management plan.

"[A]s a general rule, a court 'should freely give leave [to amend] when justice so requires.'" *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). But in cases where the deadline for amendment has passed, Fed. R. Civ. P. 16(b)(4) requires a party to modify the schedule before pursuing an amendment. *Sumrall v. LeSea, Inc.*, 104 F.4th 622, 630 (7th Cir. 2024). A party seeking amendment must first show "good cause for modifying the scheduling order." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Only then may the court reach the Rule 15 question. *Sumrall*, 104 F.4th at 630.

The diligence required to amend a pleading pursuant to Rule 16(b) "is not established if delay is shown and the movant provides no reason, or no good reason, for the delay." *E.F. Transit Inc. v. Ind. Alcohol and Tobacco Comm'n*, No. 1:13-cv-01927, 2015 WL 3631742, at *2 (S.D. Ind. June 10, 2015) (citing *Alioto*, 651 F.3d at 719). "Ultimately, 'the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *E.F. Transit*, 2015 WL 3631742 at *2 (quoting *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002)).

The Court does not find a satisfactory reason justifying BorgWarner's lack of diligence in waiting 17 months to seek leave to amend its cross claim. At the heart of the matter lies an issue that the Court has already considered in relation to BorgWarner's first amended cross claim: whether the 1989 Real Estate Contract and 1994 Amendment, by operation of provisions including

3

the final sentence of Paragraph 17 of the Contract (the "Final Sentence"), obligated Amphenol to indemnify BorgWarner for "Costs incurred by" BorgWarner "in connection with" the then-upcoming EPA consent order(s) requiring site cleanup (Filing No. 302 at 3 (quoting Filing No. 210-1 ¶ 17)). BorgWarner even admits that it championed a competing interpretation of the Final Sentence that did not require additional notification at least as early as December 21, 2022, when it initially opposed Amphenol's motion to dismiss the counterclaim (*see* Filing No. 466 at 4; citing Filing No. 267 at 5–6; *see also* Filing No. 267 at 7).

Nearly one-and-one-half years after the Court dismissed its cross-claim without prejudice, BorgWarner urges the Court to revisit its finding based on "new evidence" demonstrating the "parties' communications and intent regarding key language" of the Final Sentence (Filing No. 466 at 2). BorgWarner contends that certain statements of J. Michael Jarvis at a May 29, 2024 deposition (Filing No. 466-2), along with his May 28, 2024 affidavit (Filing No. 466-3), affirm that the 1989 Contract itself notified Amphenol of the indemnification obligation "such that no further notice was required" and demonstrate that BorgWarner's cross claim "is not barred by a five-year notice provision." (Filing No. 466 at 2, 6.) BorgWarner asserts that leave to amend its cross claim should be granted to include this new evidence.

Amphenol responds in several ways. It argues: BorgWarner possessed for years the evidence showing Amphenol had supposedly waived the notice provision for indemnification; that BorgWarner had a dilatory motive in "litigat[ing] its indemnity claim in state court under Indiana's more plaintiff-friendly dispositive motion standards" (Filing No. 471 at 7); and that an amendment after so lengthy of a delay would prejudice it.

Having briefly reviewed the lengthy dockets in the pair of Marion County, Indiana cases brought by different plaintiff parties against the same set of defendant parties as in this case, the

4

Court agrees with Amphenol that some of the "new" evidence referenced by BorgWarner is in fact not new.  Considering the other lawsuits and their associated records, BorgWarner could have made the allegations it now wishes to make much earlier than it did.  *See Shepherd v. United States*, No. 1:18-cv-02821-RLY-TAB, 2020 WL 708038, at *2–3 (S.D. Ind. Feb. 12, 2020).  For example, the proposed second amended cross claim features two internal Amphenol emails from 2009 and 2017 that BorgWarner says demonstrate Amphenol's acknowledgement that its indemnification obligations extend to acts well beyond five years after the real estate closing date (*see* Filing No. 466-1 ¶ 51).  In the state court actions, Borg Warner attached those same emails to its May 22, 2023 responses in opposition to Amphenol's summary judgment motions under Case Nos. 49D02-1912-CT-050268 and 49D02-2010-CT-037131, close to fifteen months before it brought the instant motion before this Court.

Regarding Mr. Jarvis' deposition and affidavit, the Court acknowledges that these pieces of evidence were developed in May 2024 as the result of cross claim discovery between BorgWarner and Amphenol in the parallel state court proceedings (*see* Filing No. 466-2, Filing No. 466-3; *see also* Filing No. 466 at 2).  From an advocacy perspective, the strategic advantage involved in responding to the parties' maneuvering, especially considering that the Court's dismissal in this case was without prejudice.  However, BorgWarner is expending this and another court's limited judicial resources by continuing to litigate a cross claim for which this Court had already ruled in favor of Amphenol.

Regardless of BorgWarner's underlying motives in continuing forward in other forums, the Court finds BorgWarner's tactics dilatory, by not pressing forward *in this case*.  Focusing solely upon the circumstances of this lawsuit, the filing of a second amended cross claim by BorgWarner

at this eleventh hour deliberately sidesteps the Court's previous judgment on the merits of what the 1989 Contract and 1994 Amendment require.

The Court has already ruled that the contractual remedy afforded to BorgWarner under Paragraph 17, as amended, is indemnification and that any costs associated with an independent contract claim are still limited by the five-year period specified therein (*see* Filing No. 302 at 8). The Second Amended Cross Claim's description of Amphenol's purported contractual duties as "implied dut[ies] to perform the work skillfully, carefully, and in a workmanlike manner" under a new independent claim, (Filing No. 466-1 ¶ 30), does not dissuade the Court of its previous conclusion. Furthermore, considering Paragraph 17's "clear and unambiguous" terms requiring written notice, (Filing No. 302 at 6), Amphenol's point that BorgWarner did not "ma[k]e any demand on Amphenol for indemnification" is well taken, (Filing No. 471-5 at 7 (deposition of Susan Gard)).

It is clear that the cross claimant and cross defendant, as well as the courts they have appeared in front of, have already expended significant resources in litigating the claims between the parties. Requiring Amphenol to endure another round of dispositive motions practice would be prejudicial, and those involved would be required to expend considerable resources to end up in the same place. The Court has already adjudged the intent behind the relevant contractual duty and is convinced upon review of the evidence presented by the parties that the sought after amendment would be futile. Had BorgWarner been able to produce evidence of appropriate indemnification notice under Paragraph 17, the Court assumes it would have done so by now. Accordingly, denial of leave to amend is proper. *See Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1033 (7th Cir. 2024) (explaining that a "district court may deny leave to amend a

complaint if the amendment would be futile" (internal quotation marks and citation omitted)). Accordingly, BorgWarner's motion for leave to amend is **denied**.

B.      **Amphenol's Motion to Convert Dismissal from Without Prejudice to With Prejudice**

No rule of the Federal Rules of Civil Procedure expressly provides for a cross claimant's motion to convert a dismissal without prejudice to a dismissal with prejudice.  Generally and conventionally, a dismissal "without prejudice" amounts to an implicit invitation to the dismissed party to amend its cross claim.  *See Newark Branch, NAACP v. Town of Harrison*, 907 F.2d 1408, 1417 (3d Cir. 1990) ("[A]lthough the district court's order [does] not mention amendment, an implicit invitation to amplify the complaint is found in the phrase 'without prejudice.'" (second alteration in original) (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam))).

When there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile, district courts have broad discretion to dismiss with prejudice.  *See Stanard v. Nygren*, 658 F.3d 792, 797–801 (7th Cir. 2011).  District courts thus often expressly provide plaintiffs whose complaints have been dismissed a set amount of time to replead, *see Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976), and if they fail to take advantage of the opportunity, the dismissal is converted (automatically or otherwise) into a dismissal with prejudice.  *See, e.g.*, *Xirum v. U.S. Immigr. & Customs Enf't*, No. 1:22-cv-801-TWP-KMB, 2023 WL 2683112, at *22 (S.D. Ind. Mar. 29, 2023). The Court's Order in this case did not provide for automatic conversion to a dismissal with prejudice (*see* Filing No. 302), so conversion by separate order would be appropriate.

In resisting Amphenol's conversion effort, BorgWarner cites judicial economy as a consideration and maintains that conceding jurisdiction to the state courts in the parallel actions would avoid a "multiplicity of proceedings" and mitigate the risk of inconsistent decisions (Filing

7

No. 465 at 4). BorgWarner's commitment to this line of otherwise compelling reasoning, is questionable, given its next argument that tacitly approves of keeping the claim before this Court. *See id.* at 4–7 (alternatively seeking leave to amend to file amended cross claim as set forth in its concurrent motion).

For the reasons explained above, *see supra* Section II.A., the Court disagrees with the premise that the cross claim should continue to persist. At this juncture, conversion of the dismissal and/or granting leave to amend would not only be futile, but would also compel Amphenol to incur additional, open-ended litigation costs and potential prejudice. Nearly eighteen months passed before BorgWarner has responded in any way to the dismissal of its cross claim. Furthermore, it acted only after Amphenol sought to remove doubt from the Court's decision on the merits of the notice requirement.

Denying leave to amend is particularly appropriate when a lawsuit is on the verge of final resolution. *See Groth v. Orkin Exterminating Co.*, 909 F. Supp. 1143, 1148 (C.D. Ill. 1995) (citing Seventh Circuit cases). After five years, this lawsuit is finally ending. The plaintiff and defendant parties have reached settlement (*see* Filing No. 461), and the stipulation of dismissal with respect to Amphenol and Honeywell International Inc. has been granted. (Filing No. 473). All that remains pending in this case is the filing of the remaining dismissal against BorgWarner (*see* Filing No. 470)(extending time to file dismissal to September 8, 2024) and (Filing No. 474)(requesting an extension to October 7, 2024).

In light of these circumstances, the Court finds it appropriate to convert dismissal of the cross claim to "with prejudice." BorgWarner may continue its indemnification journey on appeal and Amphenol's motion is **granted**.

## III. CONCLUSION

For the reasons explained above, BorgWarner's Motion for Leave to File Second Amended Cross-Claim (Filing No. 466) is **DENIED**, and Amphenol's Motion to Convert the Dismissal of BorgWarner's Crossclaim for Indemnification from Without Prejudice to With Prejudice (Filing No. 463) is **GRANTED**.

**SO ORDERED**.

Date: 9/6/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Christopher L. Gadoury
THE LANIER LAW FIRM PC
cgadoury@amarolawfirm.com

Christopher T. Nidel
NIDEL & NACE PLLC
chris@nidellaw.com

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.com

Jonathan Barry Nace
NIDEL & NACE PLLC
jon@nidellaw.com

Robert Thomas Dassow
HOVDE DASSOW & DEETS LLC
rdassow@hovdelaw.com

Ryan D. Ellis
LANIER LAW FIRM
ryan.ellis@lanierlawfirm.com

James E. Zoccola
LEWIS & KAPPES PC
jzoccola@lewis-kappes.com

Richard S. VanRheenen
LEWIS & KAPPES PC
rvanrheenen@lewis-kappes.com

Tabitha Lucas Balzer
LEWIS & KAPPES PC
tbalzer@lewis-kappes.com

Thomas R Jones
LEWIS KAPPES, PC
tjones@lewis-kappes.com